UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MATTHEW SZAPPAN,

    Plaintiff,

v.

TROY MEDER, et al,

    Defendants.
_____/

Case No. 18-cv-12244

Honorable Thomas L. Ludington
Magistrate Judge Patricia T. Morris

## ORDER DENYING MOTION TO DISMISS, GRANTING REQUEST FOR FEES, AND DIRECTING DEFENDANTS TO FILE A MOTION FOR FEES AND COSTS

On July 17, 2018, Plaintiff Matthew Szappan filed a complaint against Defendants Troy Meder, trooper for the Michigan State Police, Mark Garabelli, Sergeant for the Saginaw County Sherrif's Department, "Deputy Shields," Deputy for the Saginaw County Sherriff's Department, and Saginaw County. ECF No. 1. Plaintiff is a resident of Chesaning, MI, where he resides with his wife and children.[1] Plaintiff alleges that the defendant police officers conducted a warrantless search of his barn, discovered methamphetamine ingredients, investigated further, and then referred the matter for prosecution. Plaintiff was prosecuted but the case was dismissed upon the filing of a nolle prosequi by the prosecutor after Plaintiff successfully moved to suppress the evidence seized from his barn.

The complaint asserts three counts under the fourth amendment against Defendants Meder, Garabelli, and Shields including: unlawful search and seizure (Count I), unlawful arrest (Count II), and malicious prosecution (Count III). The complaint also asserts a *Monell* claim for violation of the fourth amendment against Defendant Saginaw County (Count IV). Finally, the

---

[1] The record does not appear to contain information about the children, such as the number of children or their ages.

complaint asserts two state law claims against Defendants Meder, Garabelli, and Shields: invasion of privacy (Count V), and intentional infliction of emotional distress (IIED) (Count VI).

On October 12, 2018, Officer Meder filed a motion to dismiss or in the alternative for summary judgment. ECF No. 6. No other defendants filed a motion. On January 4, 2019, the Court entered an order denying the motion to dismiss as to Count I (unlawful search and seizure), but granting the motion in all other respects. ECF No. 14. Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 37(b) for failure to respond to discovery requests and for failure to comply with a court order directing Plaintiff's response to those discovery requests. Plaintiff filed a response in opposition. The day before their reply brief deadline, Defendants filed a notice of withdrawal of their motion to dismiss because Plaintiff had responded to the discovery request. ECF No. 23.

**I**.

Defendants served their first set of interrogatories and requests for production on Plaintiff on October 9, 2018. ECF No. 19-2. After receiving no response, on November 12 Defendants sent Plaintiff a letter inquiring about the status of the discovery requests, which were overdue. *Id.* at 19-3. After receiving no response to this letter, Defendants inquired again on January 11, 2019. ECF No. 19-4. Plaintiff's counsel replied that it had slipped his mind, and that he would send the responses within 14 days. ECF No. 19-5.

After receiving no response, on January 29, 2019 Defendants inquired again and advised Plaintiff that they were in the process of preparing a motion to compel. ECF No. 19-6. On January 31, 2019. Plaintiff's counsel responded that he had just returned from a family cruise, noted that his client had sent him handwritten answers, and that he just needed to type them up. ECF No. 19-7. After receiving no responses, Defendants again followed up with Plaintiff's

counsel on February 14, 2019, attaching a proposed stipulation and order to extend Plaintiff's response deadline to March 1. ECF No. 19-8. Plaintiff's counsel agreed to the entry of the order. ECF No. 19-9.

The order was entered, setting the March 1 deadline for Plaintiff's discovery responses. ECF No. 18. On March 4, having received no discovery responses, Defendants moved to dismiss under rule 37(b). ECF No. 19.

**II**.

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), "if a party fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders" including "dismissing the action or proceeding in whole or in part."

Rule 37(b)(2)(C) provides that "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Dismissal is an extreme sanction ordinarily appropriate only in situations involving bad faith, a clear record of misconduct, or when lesser sanctions prove futile. *See HCG Platinum, LLC v. Preferred Product Placement Corporation*, 873 F.3d 1191, 1206, 98 Fed. R. Serv. 3d 1455 (10th Cir. 2017).

**III**.

Defendant has withdrawn its motion. However, nothing in rule 37(c)(1) prevents the Court from issuing sanctions *sua sponte* for violations of its orders. Although dismissal is not warranted, an award of fees and costs is appropriate because Plaintiff's disregard of the

Defendant, its counsel, and the Court's order is not justified.[2] Plaintiff contends that the issue is moot, as Plaintiff has provided the discovery responses. Plaintiff's definition of "mootness" would permit any litigant to disregard discovery orders with impunity up until the point the opposing party seeks dismissal as a sanction. Litigants should not have to resort to motions for sanctions to enforce discovery obligations. As a result of the Plaintiff's conduct, Defendant was forced to file its motion to obtain the requested discovery and, consequently, the Court was required to read the parties' filings. Plaintiff's attempt to provide good cause for the non-responsiveness (holidays and family vacations) is unpersuasive.

Plaintiff also contends that there was an informal understanding that discovery was stayed pending the resolution of the motion to dismiss. Plaintiff identifies no factual support for the purported "informal" understanding between the parties. Defendants diligently pursued their discovery requests while the motion to dismiss was pending, which suggests no such informal understanding. Moreover, the motion to dismiss was resolved on January 4, and it took Plaintiff an additional two months to respond to the outstanding discovery requests.

Plaintiff also faults Defendants for seeking the extreme sanction of dismissal without attempting to resolve discovery disputes in good faith. To the contrary, Defendants followed up with Plaintiff four times before filing the instant motion.

Finally, there is a justification here for holding Plaintiff's counsel jointly and severally liable for the fees. *See* 37(b)(2)(C) (noting that the court can award fees and costs against the party, his attorney, or both). Plaintiff's counsel indicated in his email dated January 31, 2019 that he had received his client's handwritten responses (which were nearly four months overdue

---

[2] It should also be noted that Plaintiff's inability or unwillingness to heed court deadlines persists even as of the filing of his response brief, which is one day late. The motion was filed on March 4, making the response due on March 18. *See* L.R. 7.1(e)(2)(B). Plaintiff's response was filed on March 19.

by this point), but that he just needed to type them up. Apparently, it took Plaintiff's counsel over a month to type these responses. Thus, he too contributed to the delay.

**IV.**

Accordingly, it is **ORDERED** that the motion to dismiss, ECF No. 19, is **DENIED**.

It is further **ORDERED** that Defendants' fee request is **GRANTED** and Defendants are **DIRECTED** to file by **April 8, 2019** a motion for fees and costs containing an itemized statement and explaining the reasonableness of the fees requested. Plaintiff is directed to respond by **April 22, 2019.**

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: March 28, 2019