UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MATTHEW SZAPPAN,

        Plaintiff,                                    Case No. 1:18-cv-12244

v.                                                      Honorable Thomas L. Ludington
                                                           United States District Judge
TROY MEDER and KEITH SHIELDS,

        Defendants.
_____/

**OPINION AND ORDER GRANTING AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE**

This matter is before this Court upon Plaintiff's motion in limine to exclude 11 categories or items of Defendants' expected evidence from the trial tomorrow. *See* ECF No. 58. As explained hereafter, Plaintiff's Motion will be granted in part and denied in part.

**I.**

On July 18, 2015, a CPS officer and three police officers arrived at the property of Plaintiff Matthew Szappan and his wife to conduct a wellness check. ECF No. 29-4 at PageID.751–55. During the welfare check, Michigan State Police Trooper Troy Meder and Saginaw County Sherriff's Deputy Keith Shields, accompanied by the CPS officer, investigated the property, and later obtained a search warrant for a full search of the property based in part on their on-site investigation. *Id.* at PageID.754–62. Between the investigation and the later search, Plaintiff's wife, who is not a party to this case, was detained on the property. ECF No. 29-4 at PageID.789–90. Plaintiff was arrested but released pending further investigation. ECF Nos. 1 at PageID.8; 29-3 at PageID.728–29.

Plaintiff was arrested again on May 11, 2016, arraigned the next day, released on bond on June 16, 2016, and bound over to the Saginaw County Circuit Court on November 3, 2016. ECF No. 1 at PageID.8–9. On January 5, 2017, Plaintiff's attorney filed a motion to suppress evidence seized from the warrantless investigation of his property on July 18, 2015 that preceded the later search warrant. The motion was granted on June 21, 2017. *Id.* at PageID.9-10. The Saginaw County Prosecuting Attorney filed a *nolle prosequi* in July 2017. *Id.* Plaintiff brought this action on July 17, 2018. ECF No. 1.

Although Plaintiff's first complaint alleged six counts and identified four defendants, after several dispositive orders, all that remains is Plaintiff's Fourth Amendment claim that Defendants Troy Meder and Kieth Shields unlawfully searched Plaintiff's barn. *See Szappan v. Meder*, No. 18-12244, 2020 WL 209746 (E.D. Mich. Jan. 14, 2020) (dismissing Defendant Saginaw County, Defendant Mark Garabelli, and all but Count I against Defendant Shields); *Szappan v. Meder*, No. 18-CV-12244, 2019 WL 108842 (E.D. Mich. Jan. 4, 2019) (dismissing all but Count I against Defendant Meder); *see also* ECF No. 1 at PageID.10–11.

Trial will take place tomorrow. Meanwhile, Plaintiff has a pending motion in limine, *see* ECF No. 58, which Defendants contest, *see* ECF No. 60.

Plaintiffs' Motion seeks to exclude:

> 1. Evidence, argument, or other reference regarding the details of the Child Protective Services ("CPS") investigation, including but not limited to the hearsay statement made during the initial intake of the CPS case;
> 2. Evidence, argument, or other reference regarding the details of the lease agreement pertaining to the barn or Plaintiff's residence;
> 3. Evidence, argument, or other reference regarding opinions as to illicit drug use by Plaintiff or his wife or illicit drug use at Plaintiff's residence;
> 4. Evidence, argument, or other reference that the search of the barn was justified by the protective sweep, exigent circumstances, or plain view exceptions to the warrant requirement of the Fourth Amendment;
> 5. Evidence, argument, or other reference that Defendants enjoy qualified immunity for the unlawful search of the barn;

> 6. Evidence, argument, or other reference by any purported Drug Recognition Expert ("DRE") to the effect that Plaintiff's wife appeared to be an illicit drug user;
> 7. Evidence, argument, or other reference to the shotgun or other contraband found during the search of the vehicle after the search of the barn;
> 8. Evidence, argument, or other reference to the marijuana plants observed by Defendants growing in Plaintiff's backyard;
> 9. Evidence, argument, or other reference to the shotgun or other contraband found during the search of the vehicle after the search of the barn;
> 10. Evidence, argument, or other reference that Plaintiff has a one or more criminal convictions for offenses not pertaining to theft or dishonesty occurring more than 10 years ago; and
> 11. Evidence, argument, or other reference to any facts occurring after Defendants conducted their unlawful search of the barn.

ECF No. 58 at PageID.1365–66.

As a threshold matter, arguments 7, 9, 10, and 11 will be granted. Arguments 7, 9, and 11 will be granted because the parties have stipulated "that no testimony or documentary evidence should be admitted from the point that Defendants Shields and Meder first exited the barn." ECF No. 59 at PageID.1408. And Argument 10 will be granted because Defendants do not object to that relief, ECF No. 60 at PageID.1429, and because evidence of ten-year-old criminal convictions that do not involve *crimen falsi* is properly excluded under Federal Rule of Civil Procedure 609.

Arguments 1, 2, 3, 4, 5, 6 and 8 will be addressed hereafter.

## II.

### A.

Argument 1 seeks to exclude "the details of the Child Protective Services ('CPS') investigation, including but not limited to the hearsay statement made during the initial intake of the CPS case." ECF No. 58 at PageID.1365, 1373–74. Specifically, Plaintiff asserts (1) that the "[s]tatements made by the person reporting their concerns to the Michigan Department of Health and Human Services constitute hearsay," (2) that "details regarding what the caller and/or the CPS

worker suspected are clearly not relevant to the unlawful search of the barn," and (3) that those statements' "prejudicial effect substantially outweighs their probative value." *Id.* at PageID.1373.

Defendants contend (1) that the statements of Plaintiff's mother to CPS are not hearsay, (2) that they are relevant to whether Defendants felt the need to conduct a protective sweep of Plaintiff's property, and (3) a limiting instruction could cure any unfair prejudice. ECF No. 60 at PageID.1418–21.

1.

Hearsay is an out-of-court statement repeated in court to prove the truth of the matter asserted therein and is inadmissible with some exceptions. *See* FED. R. EVID. 801(c) and 802. The hearsay rule does not apply to statements offered merely to show that they were made or had some effect on the listener. *See United States v. Gibson*, 675 F.2d 825, 833–34 (6th Cir. 1982).

The statements that Plaintiff's mother made to CPS are not inadmissible hearsay. Defendants are not offering those statements for their truth but to prove their effect on the CPS workers and Defendants. Of course, such statements are only conditionally relevant, *see* FED. R. EVID. 104(b), so at trial Defendants must demonstrate that the CPS workers conveyed that information to Defendants.

2.

Under Federal Rule of Evidence 401, "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Unless expressly prescribed by another evidential rule, relevant evidence is admissible. FED. R. EVID. 402; *Frye v. CSX Transportation, Inc.*, 933 F. 3d 591, 599 (6th Cir. 2019).

Under Federal Rule of Evidence 403, "a trial court may exclude relevant evidence if its probative value is substantial outweighed by the risk of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needless presenting cumulative evidence." FED. R. EVID. 403. "Much of the Federal Rules of Evidence is devoted to protecting parties from the introduction of unfairly prejudicial evidence." Jesse Schupack, Note, *The Liar's Mark: Character and Forfeiture in Federal Rule of Evidence 609(a)(2)*, 119 MICH. L. REV. 1031, 1035 (2021). But evidence is not excluded as being unfairly prejudicial merely because it damages the party against whom it is offered. Rather, "unfair prejudice" under Rule 403, "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 US 172, 180 (1997).

If Defendants can establish a proper foundation, then Plaintiff's mother's statements are relevant to whether Defendants' search of Plaintiff's barn satisfied an exception to the warrant requirement. *See* FED. R. EVID. 401. And aside from a conclusory statement, Plaintiff has not stated how any prejudicial effect of those statements would substantially outweigh their probative value. *See* FED. R. EVID. 403.

For those reasons, Argument 1 will be denied. Yet this Court will issue a limiting instruction during trial that any statements that Plaintiff's mother made to the CPS workers should not be considered for their truth but only for the effect that the statements had on the CPS workers and Defendants. *See* FED. R. EVID. 105.

**B.**

Argument 2 seeks to exclude "the details of the lease agreement pertaining to the barn or Plaintiff's residence." ECF No. 58 at PageID.1365, 1372–73. Specifically, Plaintiff contends that

a post-incident letter from Plaintiff's father should be excluded because (1) Defendants produced it at the eleventh hour, (2) it does not dictate Plaintiff's privacy interests in the barn, and (3) its risk of prejudice substantially outweighs its probative value. *Id.*

Defendants respond that (1) the letter was not produced at the eleventh hour, (2) that Plaintiff must demonstrate his own reasonable expectation of privacy in the barn, and (3) that a limiting instruction could cure any unfair prejudice. ECF No. 60 at PageID.1416–18.

Plaintiff's father's letter is relevant to demonstrate whether Plaintiff had a reasonable expectation of privacy in the barn. And the probative value far outweighs any potential prejudice, as Plaintiff's reasonable expectation of privacy in the barn is an essential element of his Fourth Amendment unlawful search claim.

However, Plaintiff's father's letter will be excluded under Federal Rule of Civil Procedure 37(c)(1). To contest Plaintiff's reasonable expectation of privacy in the barn, Defendants intend to offer a post-incident letter from Plaintiff's father stating that "[t]he barn is not included in the rental agreement." ECF No. 60-3 at PageID.1439. Defendants state that they properly disclosed that letter as part of "the relevant police reports" that Defendant Meder disclosed. ECF No. 60 at PageID.1416. But the label of that disclosure did not sufficiently indicate that any such letter was a part of the police report. *See* ECF No. 60-2 at PageID.1436 ("Michigan State Police Incident Report BNT-0000266-15 and all related supplemental reports, external documents, and daily activity logs."). Without more detail, there was no way for Plaintiff to know that such a letter— which is not his lease agreement[1]—existed. Moreover, Defendants were required to disclose that document under Federal Rule of Civil Procedure 26(a)(1)(ii). But Defendants "fail[ed] to provide

---

[1] Notably, this Court has only recently become aware of the lease agreement due to the parties' correspondence, and the lease agreement has yet to be introduced.

- 6 -

[that] information . . . as required by Rule 26(a)." FED. R. CIV. P. 37(c)(1). And still missing from the record is the actual lease agreement. Those failures are not substantially justified or harmless. For these reasons, Plaintiff's father's letter will be excluded from the trial.[2]

For those reasons, Argument 2 will be granted in part and denied in part.

### C.

Argument 3 seeks to exclude any "opinions as to illicit drug use by Plaintiff or his wife or illicit drug use at Plaintiff's residence." ECF No. 58 at PageID.1365, 1374–78. Similarly, Argument 6 seeks to exclude the testimony of "any purported Drug Recognition Expert ('DRE') to the effect that Plaintiff's wife appeared to be an illicit drug user." *Id.* at PageID.1365, 1374–78. Specifically, Plaintiff seeks to exclude the expected testimony of Defendant Meder that Plaintiff's wife appears to be a user of methamphetamine because (1) Meder is a Drug Recognition Expert and (2) Defendants did not disclose Meder as an expert witness. *See id.* at PageID.1374–78.

Defendants respond that Defendant Meder's testimony regarding Plaintiff's wife's drug use (1) is based on "his training and experience related to methamphetamines" and (2) is "founded on personal knowledge and susceptible to specific cross examination." ECF No. 60 at PageID.1421–22 (citations omitted).

### 1.

Lay witnesses may only testify to facts about which they have personal knowledge. FED. R. EVID. 602 and 701(a). Testimony based on "statements made by others.... serves to facilitate the application of Rules 701 and 702." Dale A. Nance, *Conditional Probative Value and the Reconstruction of the Federal Rules of Evidence*, 94 MICH. L. REV. 419, 440–41 (1995). In

---

[2] Notably, an open question remains as to whether Plaintiff's mother and father may testify to the details of Plaintiff's father's letter or Plaintiff's occupancy of the premises in question. *See* FED. R. EVID. 1002, 1003, and 1004.

applying Rule 701, "the modern trend among courts favors the admission of opinion testimony, provided that it is well founded on personal knowledge and susceptible to specific cross-examination." *United States v. Valdez-Reyes*, 165 F. App'x 387, 392 (6th Cir. 2006) (unpublished) (internal quotations and citation omitted).

By contrast, experts provide testimony that is beyond the ken of a normal juror. *E.g.*, Suzanne Kessler, Romana DeSalvo & Sara Ellis, *Bringing Blurred Lines into Focus*, 3 BELMONT L. REV. 103, 116 (2016) (noting that experts were admitted to "explain why [two songs] are alike, and then the jury hear[d] it for themselves" in *Williams v. Bridgeport Music, Inc.*, No. LA CV13-06004 JAK, 2014 WL 7877773, at *1 (C.D. Cal. Oct. 30, 2014)) (statement of Romana DeSalvo).

"The prototypical example of [lay-witness testimony] relates to *the appearance of persons* or things, identity, *the manner of conduct*, competency of a person, degrees of light or darkness, sound, size, weight, distance, and an endless number of items that cannot be described factually in words apart from inferences." *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 241 (6th Cir. 2010) (quoting *Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1196 (3d Cir. 1995) (emphases added)); *e.g.*, *United States v. Westbrook*, 896 F.2d 330, 335–36 (8th Cir. 1990) (holding that two lay witnesses who were heavy amphetamine users were properly permitted to testify that a substance was amphetamine; but it was error to permit another witness to make such an identification because she had no experience with amphetamines).

The Sixth Circuit has allowed lay testimony on matters much more specialized and technical than whether someone appears to be a drug user. *See, e.g.*, *United States v. Madison*, 226 F. App'x 535, 543–44 (6th Cir. 2007) (unpublished) (lay witness may testify, based upon review of financial records, as to whether appropriate funds were available to make a down payment);

*Heritage Mut. Ins. v. Reck*, 127 F. App'x 194, 199–200 (6th Cir. 2005) (unpublished) (affirming admission of lay testimony regarding whether an automobile collision was preventable).

Other circuits have recognized that lay witnesses may testify regarding matters open to the senses. *See, e.g.*, *Rushing v. Kansas City S. Ry.*, 185 F.3d 496, 512 (5th Cir. 1999) (reversing district court's exclusion of lay witness testimony regarding the level of perceived sound); *Randolph v. Collectramatic, Inc.*, 590 F.2d 844, 847–48 (10th Cir. 1979) ("There is uniformity among the courts that the testimony of witnesses . . . is admissible if predicated upon concrete facts within their own observation and recollection that is facts perceived from their own senses, as distinguished from their opinions or conclusions drawn from such facts."); *Burchill v. Kearney–Nat'l Corp.*, 468 F.2d 384, 386 (3d Cir. 1972) (reversing district court decision excluding lay witness testimony identifying substance as rust); *Aetna Life Ins. Co. of Hartford v. Kelley*, 70 F.2d 589, 593 (8th Cir. 1934) (holding that a non-expert may testify to matters that are "open to the senses").

**2.**

If Defendants personally observed Plaintiff's wife, then they may properly testify to whether she appeared to be a user of methamphetamine and, therefore, the extent, if any, to how such an observation impacted their investigation at Plaintiff's property or their efforts to locate Plaintiff's children.

In addition to being relevant to whether an exception to the warrant requirement applied, such testimony meets all three lay-testimony criteria. Plaintiff's wife's appearance is "rationally based on [Defendants'] perception" if they observed Plaintiff's wife while at Plaintiff's property. FED. R. EVID. 701(a). Such observations would be "helpful . . . to determining a fact in issue" because Plaintiff's wife's apparent drug use is relevant to determine whether they believed, for

example, that a protective sweep of the barn was necessary. FED. R. EVID. 701(b). And observing whether someone looks like an active drug user is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701(c). Such observations are more akin to whether someone appears inebriated than whether two beers are the same brand. And Defendants intend to testify to only their personal observations of Plaintiff's wife. *See* ECF No. 60 at PageID.1423. Accordingly, Defendants may testify to their personal observations of Plaintiff's wife.

For those reasons, Arguments 3 and 6 will be denied.

### D.

Argument 4 seeks to exclude evidence "that the search of the barn was justified by the protective sweep, exigent circumstances, or plain view exceptions to the warrant requirement of the Fourth Amendment." ECF No. 58 at PageID.1365, 1378. Specifically, Plaintiff asserts that "this court has already ruled that these exceptions do not apply to this case as a matter of law." *Id.* at PageID.1378. Plaintiff makes the same argument against Defendants' claims to qualified immunity. *Id.* at PageID.1365, 1378–79.

Defendants respond that this Court merely found that there were questions of fact as to whether an exception to the warrant requirement applies to this case, not that none does. *See* ECF No. 60 at PageID.1423–25. Defendants make the same response to Plaintiff's attempt to exclude any argument regarding qualified immunity. *See id.* at PageID.1425–26.

### 1.

Defendants may argue that exceptions to the warrant requirement apply to this case. Questions of fact remain as to whether the consent exception, the exigent-circumstances exception, and the emergency-aid exception, apply to this case. Plaintiff is correct that this Court denied

Defendants' motions for summary judgment on those issues. *See Szappan v. Meder*, No. 18-12244, 2020 WL 209746 (E.D. Mich. Jan. 14, 2020); *Szappan v. Meder*, No. 18-CV-12244, 2019 WL 108842 (E.D. Mich. Jan. 4, 2019). But that denial did not mean that those exceptions do not apply *as a matter of law*. Rather, the denial meant only that the evidence at the summary-judgment stage did not support the application of those exceptions.

2.

"The issue of qualified immunity may be submitted to a jury only if 'the legal question of immunity is completely dependent upon which view of the [disputed] facts is accepted by the jury.'" *Baynes v. Cleland*, 799 F.3d 600, 610 (6th Cir. 2015) (quoting *Humphrey v. Mabry*, 482 F.3d 840, 846 (6th Cir. 2007)). This Court has already determined that Defendants are not entitled to qualified immunity based on their version of the facts. *Szappan*, 2020 WL 209746, at *8 ("Plaintiff has provided sufficient evidence to believe that Defendant Shields is not entitled to qualified immunity for the illegal search and seizure claim."); *Szappan*, 2019 WL 108842, at *7 ("Defendant has not established his entitlement to qualified immunity, as he has not established facts that would enable a reasonable officer to conclude that the search of the barn was lawful."). Even though Defendants may not argue for qualified immunity at trial, they may still raise the issue, for example in jury instructions, if the evidence at trial reveals a question of fact material to qualified immunity. *See, e.g.*, *Wesley v. Rigney*, No. CV 10-51-DLB-JGW, 2016 WL 853505, at *3 (E.D. Ky. Mar. 3, 2016), *aff'd sub nom. Wesley v. Campbell*, 864 F.3d 433 (6th Cir. 2017); *see also Gonzales v. Duran*, 590 F.3d 855, 859–60 (10th Cir. 2009).

3.

The protective-sweep doctrine is inapt in this case. Although Defendants did sweep the barn, it was not a "protective sweep" as that term is often used. *United States v. Owen*, 65 F. Supp.

3d 1273, 1283 n.7 (N.D. Okla. 2014). "A 'protective sweep' is a quick and limited search of premises, *incident to an arrest* and conducted to protect the safety of police officers or others." *Maryland v. Buie*, 494 U.S. 325, 327 (1990) (emphasis added). In other words, a protective sweep must be made "incident to an arrest." *United States v. Walker*, 474 F.3d 1249, 1254 (10th Cir. 2007). As Plaintiff was not arrested before the sweep, the sweep was not a "protective sweep." *See id.* at 1254.

**4.**

And Defendants will not argue that the plain-view doctrine applies. *Id.* at PageID.1425 n.1.

For these reasons, Arguments 4 and 5 succeed only in excluding any argument of the plain-view doctrine, the protective-sweep exception, and qualified immunity.

**E.**

Argument 8 seeks to exclude evidence of "the marijuana plants observed by Defendants growing in Plaintiff's backyard." ECF No. 58 at PageID.1366, 1379. Specifically, Plaintiff asserts that "[e]vidence or argument pertaining to Defendant's observation of marijuana plants growing in Plaintiff's backyard should be excluded because this Court has already ruled that Defendants were not lawfully present when they made the observations in Plaintiff's backyard, so the unlawful search cannot be justified by the plain view exception." *Id.* at PageID.1379.

Defendants respond that the marihuana plants in Plaintiff's backyard are relevant to whether a protective sweep of Plaintiff's barn was necessary. ECF No. 60 at PageID.1427. Specifically, Defendants assert that "the marijuana plants that Defendants observed prior to their entry of the barn are a part of the totality of the circumstances upon which the jury will evaluate [Plaintiff's] claim." *Id.* at PageID.1428.

Because the protective-sweep doctrine does not apply in this case, any discussion of the marihuana plants will be excluded. For these reasons, Argument 8 will be granted.

V.

Accordingly, it is **ORDERED** that Plaintiff's Motion in Limine, ECF No. 58, is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Motion is **GRANTED** to exclude evidence, argument, or other reference to (1) Plaintiff's father's letter regarding Plaintiff's lease agreement; (2) the protective-sweep doctrine; (3) the plain-view exception; (4) qualified immunity; (5) the shotgun or other contraband found during the search of the vehicle after the search of the barn; (6) the marijuana plants observed by Defendants growing in Plaintiff's backyard; (7) Plaintiff's non-*crimen falsi* ten-plus-year-old criminal convictions; and (8) any facts occurring after Defendants conducted their unlawful search of the barn. Plaintiff's Motion is **DENIED** in all other regards.

Dated: April 26, 2022                           s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge